May it please the court, Judge Schroeder, Judge Goodwin, Judge George, Peter Johnson. This case is, this appeal is, I'm sorry, my name is Bruce Berline, I represent Mr. Flemming who is the defendant and the appellant. Thank you judge. The, this case is predominantly about the government's failure to prove specific intent of my client in that, in the violation of 8 U.S.C. 1324A, A1, A1. There's two provisions in 1324A that make bringing aliens to the in its hinges on location. If you bring an alien to the United States, as long as you bring that alien to a designated port of entry or you call ahead to the INS and arrange a meeting, you have not broken the law. What happened is that in the 80s, and this is in a well-written opinion in United States v. Wynn, a 9th Circuit case, there was the flotilla, the many people coming from Cuba came in and it was stipulated that the 1324A, A1, A1. Congress came back and said, well, let's make 1324A, 2. 1324A, 2 hinges on permission. So it doesn't matter where you take these aliens now, as long as you don't, if you don't have permission, it's a felony and one is a misdemeanor. Now 1324A, 2 can become a felony with aggravating circumstances. But why this is important? Why this is important is that if this court doesn't hold the government to its burden of proof to make it submit evidence of location when it's dealing with a 1324A, 1, A1 case, then what they have done is it's possible for them to take behavior that only arises to a misdemeanor and turn it into a felony. For instance, I live in Saipan. I have a friend in the Philippines. He wants to claim asylum in Guam. I understand that under 1324A, 2, if I take that person to Guam in Apaharbor and I am okay with being convicted of a misdemeanor, I take him to Apaharbor. I don't have permission. It's a felony. And suddenly, because they don't have to prove location, the critical element that distinguishes 1324A, 1, A1 from 1324A, 2, I'm not forcing the government to show at least some evidence that Mr. Fleming had specific intent to take these people to a place other than a designated port of authority or had specific intent not to call ahead to the INS and arrange to deliver these people to the appropriate authorities. Couldn't the jury ask itself the question, why would any sapient Chinese woman pay somebody $1,500 to take them on a fishing boat to deliver them into the arms of the INS? They could have been going to Ipan Talifofo and got blown off by the wind. Or they could have been going to some other beach. But why does the government have to allege which beach they were going to strike land? And that's a good question, Judge Goodwin. I don't think that they have to show particular location. But what they have to show is that they were not, they have to, well, they can do that either way. They can show that, yeah, that they were going anywhere else in Guam other than Apra Harbor, which is the designated port. And that becomes a good point because here in the CNMI, most of these crimes are interdicted in the high seas. So you don't have the common crime of the alien coming into a designated port or is caught outside a border, such as Mexico or somewhere else. What is the conduct that would be a misdemeanor? The misdemeanor is, it hinges on permission. And that's explained in United States v. Barajas v. Montiel. 1324A2 focuses on lack of permission. It's illegal to take an alien to the United States, even if you take it to a designated port, if you don't have permission. But that's just a 1324A1A1 focuses on location. As long as you take it to a designated port, you do not, as long as you take it to a designated port, it's not illegal under that section. You're fine. Are you saying if they had charged the defendant with a misdemeanor, there would be no question about the conviction? Well, I tell you what, that is the normal way these cases are prosecuted. They charge them with a 13A2 and then they allege aggravated circumstances, such as pecuniary gain. That kicks it up into a felony. That was not charged here. Now, had that been charged, this appeal would have been on a totally different path. I don't even know if I would have been here, but that's not what was charged. What was charged is the felony. And the crux of that is location. And that is the definitive element. Without that, if someone comes in and the government can show that they did not have permission, and then they don't have to show where in Guam they were taking them, they can take a misdemeanor crime and turn it into a felony. And that is what is not right about this case. Now, in U.S. v. Wynne, the court was very concerned about specific intent. Wynne was about does 1324A1A1 need specific intent or is it in general intent crime? The court said no, it's a specific intent crime because we don't want innocent conduct to become criminalized. And they give a good example in that case. They say if you take a permanent resident outside on Texas, go into international waters and come back in, you violated that general intent statute. We don't want that. It has to be specific intent. That Wynne case was reversed because the judge failed to give an instruction on specific intent. I don't think it was reversed, Judge Goodwin. I think it was they didn't object. It said it was reversible error to failure to instruct on the mens rea requirement. Now, in your case, was a specific intent instruction requested? Yes, absolutely. And was it refused? No, we were given that specific intent. So what's wrong with the case? The Wynne case, the instruction was not given. What's wrong with this case is the lack of evidence as to any, even a scintilla of evidence as to where they were going or where they were not going. Well, there was lots of evidence that they were headed for Guam. They got as far as Rota. True. But they told the postcard they were headed for Guam on the radio. And when they were, after Fleming was stopped, he said he was headed for Guam. Isn't that intent that he was headed for Guam? They didn't prove that he wasn't heading for the immigration authorities. That's your point. All right. We'll give you a minute for rebuttal. Thank you very much. And your Honor, good afternoon. Karen Johnson, appearing for the United States. Indeed, Judge Schroeder has put her finger on it. Defendant is saying that the government has to prove a negative, that the defendant did not intend to bring these people to the port. Both of these counts were for commercial gain. It doesn't matter if it was charged under 1324A1 or A2, both would be a felony. A2 brings a mandatory three-year minimum sentence with more severe offense if it's for commercial gain. My position is that the government proved its case because the jury could infer that the defendant did not intend to bring these people to the port, that, in fact, he intended to drop them off on one of our beaches, because if he brought them to the port, he knew he would have been arrested. And that's not the way criminals commonly do business. And counsel argued in his brief, well, he had a cell phone. How do we know that he wasn't going to call and ask for permission? I think the jury could infer that he did not intend to call ahead. He did not intend to ask for permission because he knew he wouldn't get it. Did you try the case? No, I did not. I'm just wondering, did he – I haven't read the record. Did he argue that to the jury? I don't know. He didn't prove that he – I wasn't? I don't know, because I have not – I don't have the trial transcripts. All I have are the excerpts of records. I suppose he could have argued that to the jury. Well, it makes sense. They could argue that he had – the government hadn't proved his case. I think – well, I don't know what the argument was. I do know that I think it leaps to the eye that the defendant would not tell him he was coming because they wouldn't let him come. And they'd intercept him and take him back to Saipan. And that seems so obvious. I'm surprised that that is an issue. Okay. Any questions? Thank you. Thank you for giving me the additional time. The most important thing here is that there was no evidence, and they haven't presented any in their brief, as to where or where not they were going. And – Did you try the case? I did. Couldn't you argue to the jury that the evidence proved that he didn't intend to call the prison after? Do you have any doubt about that? And I did. Yeah. Because the jury didn't believe it. Well, it's true. But the problem is – and we did several motions for acquittal on that very issue. Yeah. And it was – Your Honor, you have to have – you have to give the jury some indication as to where they're going, whether circumstantial or direct. There was none in this case. And the danger for that is it allows the government to take a misdemeanor and turn it into a felony. And that's the danger. And that's the distinguishing – otherwise, there's no difference between 1324A1A and 1324A2. Okay. Thank you. Thank you, counsel. That concludes the argument for this afternoon. I appreciate the argument of counsel and the good work of our court staff here. The court stands adjourned.
judges: Schroeder, Goodwin, George